### STATE OF MAINE *versus* UPHAM.

If a person on trial for an alleged offence offer no evidence of his good character, no legal inference can arise, from such omission, that he is guilty of the offence charged, or that his character is bad.

Nor will such *omission* authorize an *argument* to the jury against his general good character.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

INDICTMENT.

The defendant was indicted for having in his possession ten or more counterfeit bank bills at one time with the intent to pass them as true or false.

Evidence was introduced tending to prove the essential parts of the indictment.

The prisoner offered no evidence of his general good character. But his counsel argued to the jury, that from his position in society as postmaster, his character ought to avail him in aid of the common presumption of innocence.

The counsel for government argued, that the want of such

testimony authorized the jury to infer that his character was bad.

The Judge was requested by defendant to instruct the jury, that the failure to offer such proof furnished no legal inference of defendant's guilt, or that his character was not good.

This request was refused, but the Judge told the jury, that it was legitimate for the government's counsel to urge in argument the absence of such proof as furnishing a basis of inference against the general good character of the accused.

Defendant was convicted and his counsel excepted to the refusal and instruction.

*Palmer*, in support of the exception.

*Evans, Att'y Gen., contra.*

HATHAWAY, J. — In the case, *State* v. *McAllister*, 24 Maine, 139, the defendant offered no evidence of good character, and the attorney for the government was permitted to urge, in argument to the jury, that circumstance, as contributing to strengthen the case, on the part of the State; and the Court held that, that circumstance was proper for their consideration.

In the case at bar, it is stated, in the bill of exceptions, that " the counsel for the government argued to the jury, that the absence of proof from the accused of his general good character, authorized them to infer that his character was bad, and the defendant's counsel asked the Court to instruct the jury, that the failure to offer such proof by the defendant, furnished no legal inference of his guilt, or that his character was not good. The Court declined to give such instruction, but told the jury, " that it was legitimate for the government's counsel to urge in argument the absence of such proof, as furnishing a basis of inference against the general good character of the accused;" and one question presented for our consideration, in this case, is concerning the correctness of the rulings of the Judge who presided at

the trial, in refusing to instruct the jury as requested, and in the instruction given.

The law presumes every man innocent until there is proof of his guilt; and the legal presumption of innocence is to be regarded by the jury, in every case, as matter of evidence, to the benefit of which the party is entitled. In some cases, the presumption of innocence has been deemed sufficiently strong to overthrow the presumption of life. 1 Greenl. Ev. § § 34 and 35.

The prosecutor cannot be permitted to offer testimony concerning the prisoner's character, unless the prisoner enable him to do so, by introducing testimony in support of it. 2 Russell on Crimes, 704; 3 Greenl. Ev. § 25. Where, upon the trial of an indictment, no proof as to the general character of the person is given, the law presumes that it is of ordinary fairness. If he choose to give no evidence upon the subject, the jury is not at liberty to indulge in conjecture that his character is bad, in order to infer that he is guilty of the particular crime charged. *Ackley* v. *The People*, 9 Barb. Sup. Ct. 609. The rulings of the presiding Judge, in this matter, cannot be sustained, either upon principle or authority. The defendant might well repose upon the legal presumption of his innocence, without apprehending that he incurred the danger of furnishing the basis for an argument against him, by neglecting or declining to introduce witnesses to prove his character good, when the law presumed it to be so.

It is unnecessary to consider the other questions presented in the case.

*Exceptions sustained, verdict set aside,*<br>
*and new trial granted.*

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J. concurred.